UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIE K. SANDERS,

                          Plaintiff,

              v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.

_____

<u>DECISION AND ORDER</u>

18-CV-6552L

       Plaintiff, appearing pro se, appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner").  The action is one brought pursuant to 42 U.S.C. § 405(g) (the "Act") to review the Commissioner's final determination.

       On February 16, 2012, plaintiff filed an application for child's disability insurance benefits, alleging an inability to work since May 17, 1982, when plaintiff was 21 years old. (Administrative Transcript, Dkt. #18 at 264).  His application was initially denied.  Plaintiff requested a hearing, which was held on November 17, 2016 before Administrative Law Judge ("ALJ") Brian Kane.  The ALJ issued a decision on January 25, 2017, concluding that plaintiff was not disabled under the Social Security Act.  (Dkt. #18 at 264-67).  Plaintiff appealed to the Appeals Council, which issued a decision on July 19, 2018 which affirmed the ALJ's finding that plaintiff was not disabled, and corrected factual errors in the ALJ's decision concerning plaintiff's earnings during the relevant period.  (Dkt. #18 at 7-10).  Plaintiff now appeals from that decision.

The plaintiff has filed motions seeking remand of the matter for further proceedings (Dkt. #25, #31), and the Commissioner has cross moved (Dkt. #29) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motions are denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

An individual is disabled under the Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). To be eligible for disabled adult "child" benefits, claimant bears the burden to demonstrate that he "is under a disability . . . which began before he attained the age of 22" which has caused a continuous, uninterrupted inability to engage in substantial gainful activity from before age 22 through the application date. 42 U.S.C. §402(d)(1)(B). *See Moskowitz v. Sullivan*, 1990 U.S. Dist. LEXIS 2198 at *5-*6, *11 (S.D.N.Y. 1990). *See generally Maloney v. Barnhart*, 2006 U.S. Dist. LEXIS 30501 at *5-*6 (D. N.H. 2006).

Where a claimant has earned more than the specified statutory minimum amount in a given year (or multiple years), a presumption arises that he has engaged in substantial gainful activity. The presumption is rebuttable, however: in considering whether a claimant has presented evidence to rebut the presumption that his work comprised substantial gainful activity, the ALJ must consider factors including the responsibilities and skills necessary to perform the work that the claimant performed, the amount of time the claimant typically worked and the length of time he was able to perform a given position, the quality of the work claimant performed, and whether

special conditions were imposed to accommodate the claimant's alleged limitations. *Id.*, 2006 U.S. Dist. LEXIS 30501 at *9.

Here, the ALJ noted that plaintiff earned wages above the statutory minimum from August 1988 through July 1989, when he worked for a farm and later a disposal company, and that plaintiff received no special assistance or accommodations to perform those jobs. (Dkt. #18 at 266).

In its decision, the Appeals Council corrected the earnings amounts specified by the ALJ to accurately conform to the plaintiff's self-reported wages, but nonetheless noted that the corrected amounts were sufficiently high above the $300 per month statutory minimum that claimant's earnings from August-December 1988, and January-July 1989, respectively, "would constitute substantial gainful activity even if those earnings represented earnings for 12 months of work during those years." (Dkt. #18 at 9).

Plaintiff's pro se motion papers offer no evidence to rebut the ALJ's and Appeals Council's findings that his employment from August 1988 through July 1989 constituted substantial gainful activity. Rather, plaintiff's submissions include medical and academic records which attest to his having had a learning disability in high school, as well as records related to the administration of his late mother's estate. These items do not furnish any basis to disturb the Commissioner's finding that plaintiff engaged in substantial gainful activity after turning 22, and is therefore not entitled to child disability insurance benefits.

**CONCLUSION**

For the forgoing reasons, I find that the Appeals Council's decision affirming the ALJ's determination was supported by substantial evidence, and was not based on legal error. The plaintiff's motions to remand this matter (Dkt. #25, #31) are denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #29) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        November 7, 2019.