UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE K. SANDERS,

                                                        Plaintiffs,                              <u>DECISION AND ORDER</u>

                                                                                                 18-CV-6552DGL

                                                      v.

COMMISSIONER OF SOCIAL SECURITY,

                                                  Defendant.
_____

       The *pro se* plaintiff in this case brought an action in 2018 pursuant to 42 U.S.C. § 405(g) to review a final decision by the Commissioner of Social Security denying his application for disability benefits. On November 7, 2019, the Court issued a Decision and Order (Dkt. #32) granting the Commissioner's motion for judgment on the pleadings, and affirming the Commissioner's decision that plaintiff is not disabled. Judgment in favor of the Commissioner was entered the following day. (Dkt. #33.)

       Nearly four years later, on September 23, 2024, plaintiff filed a notice of appeal from that decision (Dkt. #37), along with a motion for an extension of time to appeal (Dkt. #36). That motion is denied.

       "A notice of appeal generally must be 'filed with the district clerk within 30 days after entry of the judgment or order appealed from.'" *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 251 (2d Cir. 2021) (quoting Fed. R. App. P. 4(a)(1)(A) and citing Fed. R. App. P. 5(a)(2)). "A district court may extend the filing deadline for the notice of an appeal if a party shows excusable neglect or good cause and asks for the extension within 30 days after the filing deadline." *Dean*

*v. Robinson*, __ F.Supp.3d __, 2024 WL 3248725, at *3 (W.D.N.Y. 2024) (cleaned up). The Court cannot extend the appeal period beyond 30 days, even with good cause shown. *Id.* (citing *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (stating that the Federal Rules' jurisdictional deadlines are "strict" and cannot be enlarged)).

Plaintiff's motion must therefore be denied. Although as explained it is unnecessary to determine whether plaintiff has demonstrated good case or excusable neglect for not filing a timely appeal, the Court also notes that he has not done so; attached to his motion is an assortment of documents post-dating the Court's 2019 decision (including an order issued by an administrative law judge in 2023 denying plaintiff's application for benefits on res judicata grounds, based on this Court's 2019 decision), but none of them provide any basis upon which to conclude that plaintiff had good cause for not appealing sooner.

## CONCLUSION

Plaintiff's motion (Dkt. #36) for an extension of time to appeal from this Court's November 7, 2019 Decision and Order is denied, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 25, 2024.